CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 2 7 2015

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

JODY L. ROTHWELL, )
) Civil Action No. 7:14CV00497
Plaintiff, )
)
v. ) **MEMORANDUM OPINION**
)
CAROLYN W. COLVIN, Acting )
Commissioner of Social Security, ) By: Hon. Glen E. Conrad
) Chief United States District Judge
Defendant. )

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claims for disability insurance benefits and supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423, and 42 U.S.C. § 1381 et seq., respectively. Jurisdiction of this court is pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). This court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that plaintiff failed to establish entitlement to benefits under the Act. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 401 (1971).

The plaintiff, Jody L. Rothwell, was born on February 19, 1969, and eventually completed the ninth grade in school. Mr. Rothwell has been employed as an ATM dispatcher and as a production line worker in a furniture company. He last worked on a regular basis in 2012. In March of 2012, plaintiff filed applications for disability insurance benefits and supplemental security

income benefits. Mr. Rothwell alleged that he became disabled for all forms of substantial gainful employment on January 14, 2012, due to uncontrolled diabetes, arthritis in both feet, status post surgery of right foot, bilateral foot pain, right elbow pain, gout, depression, symptoms of elevated blood sugar, fatigue, and obesity. Plaintiff now maintains that he has remained disabled to the present time. As to his application for disability insurance benefits, the record reveals that Mr. Rothwell met the insured status requirements of the Act at all relevant times covered by the final decision of the Commissioner. See generally, 42 U.S.C. §§ 416(i) and 423(a).

Mr. Rothwell's claims were denied upon initial consideration and reconsideration. He then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated February 19, 2014, the Law Judge also determined that Mr. Rothwell is not disabled. The Law Judge found that plaintiff suffers from severe impairments, including right elbow pain with lateral epicondylitis diagnostic findings; arthralgias of the hips, knees, and feet; lumbar strain; diabetes mellitus; morbid obesity; obstructive sleep apnea; and gout. (TR 20). Despite such problems, the Law Judge determined that plaintiff retains sufficient functional capacity for a limited range of sedentary work activity. The Law Judge assessed Mr. Rothwell's residual functional capacity as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a range of sedentary work as defined in 20 C.F.R. 404.1567(a) and 416.967(a). The claimant would retain the ability to perform standing/walking for 2 hours in a normal 8 hour work day; sitting for 6 hours in a normal 8 hour work day; lifting/carrying 10 pounds frequently and 20 pounds occasionally; occasionally pushing/pulling with the lower extremities and the right upper extremity; and no more than frequent climbing of ramps and stairs, balancing, kneeling, stooping, and crouching. The claimant would also be precluded from climbing ladders, ropes, scaffolds, crawling, kneeling, and operation of foot controls; however, he would be able to perform no more than frequent reaching overhead with the right upper extremity. The claimant would also require work that

2

allows him to avoid concentrated exposure to extreme temperature, excess humidity, pollutants, and pulmonary irritants. The claimant would require work that does not involve exposure to hazardous machinery, unprotected heights, or vibrating surfaces. The claimant would also be precluded from work involving required driving.

(TR 23). Given such a residual functional capacity, and after considering plaintiff's age, education, and prior work experience, as well as testimony from a vocational expert, the Law Judge found that Mr. Rothwell retains sufficient capacity to return to his past relevant work as a dispatcher. Accordingly, the Law Judge ultimately concluded that Mr. Rothwell is not disabled, and that he is not entitled to benefits under either federal program. See generally, 20 C.F.R. §§ 404.1520(f) and 416.920(f). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mr. Rothwell has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff is disabled for all forms of substantial gainful employment. See 42 U.S.C. §§ 423(d)(2) and 1382c(a). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is constrained to conclude that the Commissioner's final decision is supported by substantial evidence. Mr. Rothwell suffers from a variety of physical problems, including arthritic complaints in multiple joints, obesity, intractable

3

diabetes, obstructive sleep apnea, and hypertension. He has also been treated for depression and anxiety, which his doctors associate with his obstructive sleep apnea, as well as situational stressors. It seems that Mr. Rothwell suffered from many of the same symptoms during the period in which he was productively employed. Other than for occasional symptoms of fatigue and light-headedness, the medical record suggests that plaintiff's diabetes and hypertension do not affect his capacity for substantial gainful activity. On the other hand, Mr. Rothwell's musculoskeletal problems are severe. He suffers from pain in multiple joints, and he has undergone surgery for arthritis in his right foot. Because of these musculoskeletal problems, the Law Judge determined that plaintiff is disabled for anything more than sedentary levels of exertion, with certain other restrictions as outlined above. However, the court believes that the Administrative Law Judge reasonably relied on a consultative evaluation by Dr. William Humphries in determining that Mr. Rothwell retains the capacity to perform certain sedentary work roles on a regular basis. After a clinical examination and review of plaintiff's medical history, Dr. Humphries produced physical findings and diagnoses which were adopted by the Law Judge, and which clearly support a finding of residual functional capacity for sedentary work activity. (TR 370-73). The court believes that the Law Judge also reasonably relied on testimony from a vocational expert, who was asked to consider the limitations identified by Dr. Humphries and who testified to the effect that plaintiff could still be expected to perform past relevant work as a dispatcher. (TR 58). Given Dr. Humphries' report, as well as the testimony from the vocational expert, the court believes that there is substantial evidence to support the Law Judge's assessment of Mr. Rothwell's case. It follows that the Commissioner's final decision must be affirmed.

4

Case 7:14-cv-00497-GEC   Document 23   Filed 05/27/15   Page 4 of 8   Pageid#: 671

On appeal to this court, Mr. Rothwell maintains that the Administrative Law Judge erred in assessing credibility issues, and that the Law Judge failed to account for the subjective manifestations of plaintiff's multiple impairments. However, the court can discern no real errors in the Law Judge's evaluation of the subjective factors.

At the administrative hearing, Mr. Rothwell testified that he experiences severe and debilitating pain in his feet and knees. (TR 44). He uses a cane to assist in ambulation. (TR 44). Mr. Rothwell related that he takes medication to help with his pain. (TR 45). He also described pain in his hips and back, though no one was treating him for these difficulties at the time of the hearing. (TR 46). Mr. Rothwell testified that he is unable to sit for more than about 15 or 20 minutes at a time. (TR 48). He performs a variety of household chores, though his pain and fatigue prevent sustained activity. (TR 50). Plaintiff observed that he has difficulty concentrating and sleeping. (TR 53). Mr. Rothwell noted that he has pain in his right elbow, and that he has difficulty reaching and picking things up with his right upper extremity. (TR 54-55).

While the Law Judge found that plaintiff's physical problems are such as to produce some symptoms, the Law Judge essentially determined that the physical manifestations described by Mr. Rothwell in his testimony were out of proportion to the medical evidence. Given the medical record in this case, the court believes that the Law Judge's assessment was not unreasonable. After his physical examination, Dr. Humphries opined that plaintiff's arthritic symptoms are mild in most joints, though moderate in the feet. (TR 372). With the exception of the right foot, Dr. Humphries noted no joint tenderness or deformity. (TR 371). Furthermore, the court believes that Dr. Humphries' musculoskeletal findings are consistent with those made during a period of emergency hospitalization for epigastric problems in late 2012, as well as findings documented during several

5

office visits in 2013. Simply stated, in the court's view, the objective medical evidence in this case is not consistent with plaintiff's testimony as to disabling musculoskeletal discomfort. It is well settled that, in order for pain to be disabling, there must be objective medical findings establishing some condition that could reasonably be expected to produce the pain alleged. Craig v. Chater, 76 F.3d 585, 592-93 (4th Cir. 1996); Foster v. Heckler, 780 F.2d 1125, 1129 (4th Cir. 1986). Indeed, the court believes that the medical reports compiled in this case in the months prior to the Administrative Law Judge's decision simply do not reflect objective findings or subjective complaints consistent with plaintiff's allegations of total disability.

Mr. Rothwell also asserts that the Administrative Law Judge erred in determining his residual functional capacity prior to assessing the credibility of his testimony. See Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015). However, the court finds that the Law Judge's opinion in the instant case does not employ the same approach or boilerplate language scored by the Fourth Circuit in Mascio. Indeed, the court notes that in Mr. Rothwell's case, the Law Judge evaluated the issue of credibility before assessing the reports from Dr. Humphries and the other examining physicians in an effort to determine plaintiff's residual functional capacity. (TR 26-29). While the Law Judge may not have explicitly compared the objective medical findings to plaintiff's testimony regarding his musculoskeletal discomfort, the court does not find any indication that the Law Judge established plaintiff's residual functional capacity before considering testimony given at the hearing. Once again, in the final analysis, it appears to the court that the Law Judge resolved the credibility issues based on the scarce medical findings, as well as certain inconsistencies in plaintiff's testimony at the hearing. The court finds the Law Judge's disposition of these issues to be supported by substantial evidence.

6

Case 7:14-cv-00497-GEC   Document 23   Filed 05/27/15   Page 6 of 8   Pageid#: 673

There is one additional circumstance in Mr. Rothwell's case which deserves some mention. Some time after the Administrative Law Judge rendered her decision, Mr. Rothwell, through counsel, submitted new medical evidence. The new medical evidence, consisting of a report from Dr. Elvis Pagan, suggests that Mr. Rothwell now experiences disabling, severe depression. While it is clear that the Social Security Administration's Appeals Council received the new medical report prior to adopting the Law Judge's opinion as the final decision of the Commissioner, the Appeals Council did not give explicit consideration to Dr. Pagan's assessment as to the severity of plaintiff's depression. In such circumstances, it is sometimes necessary to remand cases to the Commissioner for further development and consideration. See Meyer v. Colvin, 662 F.3d 700, 707 (4th Cir. 2011). However, the court does not believe that there is "good cause" for remand of Mr. Rothwell's case at this time. The medical reports which were received and considered by the Administrative Law Judge simply fail to document any significant psychiatric or psychological dysfunction. See, e.g., TR. 371, 403, 454, 468, and 473. Thus, there is no reason to believe that the Commissioner's decision as to plaintiff's disability prior to the date of the Administrative Law Judge's decision would be different, even upon consideration of the new medical report first submitted to the Appeals Council. Compare Borders v. Heckler, 777 F.2d 954, 955 (4th Cir. 1985). In such circumstances, the appropriate course for Mr. Rothwell is to file a new application for benefits, alleging disability onset at some point in time after the date of the Administrative Law Judge's decision in the instant case.

In summary, the court has found substantial evidence in support of the Law Judge's decision denying plaintiff's entitlement to benefits. Accordingly, the Law Judge's final decision must be affirmed. Laws v. Celebrezze, supra. In affirming the final decision of the Commissioner, the court

does not suggest that Mr. Rothwell is free of all pain, fatigue, weakness and discomfort. Indeed, the medical record confirms that plaintiff suffers from definite musculoskeletal problems, and that his arthritic complaints render him disabled for anything more than sedentary levels of work. Mr. Rothwell's diabetes is also worrisome and troublesome. However, the medical reports from doctors who have examined Mr. Rothwell do not document the existence of any mechanical problems or sensory deficits which could be expected to produce totally disabling pain and discomfort. It is well settled that the inability to do work without any discomfort, does not of itself render a claimant totally disabled. Craig v. Chater, 76 F.3d at 594-95. As reflected above, it appears to the court that the Administrative Law Judge considered all of the subjective factors reasonably supported by the record in adjudicating plaintiff's claims for benefits. It follows that all facets of the Commissioner's final decision are supported by substantial evidence.

As a general rule, resolution of conflicts in the evidence is a matter within the province of the Commissioner, even if the court might resolve the conflicts differently. Richardson v. Perales, supra; Oppenheim v. Finch, 495 F.2d 396 (4th Cir. 1974). For the reasons stated, the court finds the Commissioner's resolution of the pertinent conflicts in the record in this case to be supported by substantial evidence. Accordingly, the final decision of the Commissioner will be affirmed, with an appropriate judgment and order entered this day. As noted above, Mr. Rothwell may wish to consider filing new applications for benefits if he believes he now suffers from nonexertional impairments which contribute to an overall disability.

The Clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This 27th day of May, 2015.

/s/ Glen Conrad
Chief United States District Judge